

# THE ATTORNEY GENERAL

# OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN, TEXAS

February 18, 1950

Hon. George B. Butler
Chairman, Board of
Insurance Commissioners
Austin, Texas

Dear Sir:

Opinion No. V-1003.

Re: The legality of credit-
ing examination and
valuation fees against
premium taxes paid on
workmen's compensation
insurance.

Your letter requesting our opinion relative to the above captioned matter asks:

"Will you please advise me whether premiums received by domestic insurers on their workmen's compensation insurance business are to be reported and paid under the provisions of the present Article 7064a, and if so, whether examination and valuation fees paid by such insurers shall be allowed as a credit on the premium taxes in the manner set out in your opinion No. V-967, dated December 14, 1949."

The answer to your questions is found in the wording of Articles 7064 and 7064a, V.C.S.

Article 7064, V.C.S. (Acts 49th Leg., 1945, ch.341, Sec. 1, p.574) provides, in part:

"Every insurance corporation, Lloyd's or reciprocals, and any other organization or concern transacting the business of fire, marine, marine inland, accident, credit, title, livestock, fidelity, guaranty, surety, casualty, workmen's compensation, employers liability, or any other kind or character of insurance business, other than the business of life insurance, personal accident insurance, life and accident insurance, or health and accident insurance for profit, written by a life insurance company, life and accident insurance company, or health and accident insurance company, . . . shall

report to the Board of Insurance Commissioners the gross amount of premiums received upon property located in this State or on risks located in this State during the preceding year, and each of such insurance carriers shall pay an annual tax upon such gross premium receipts of three and five-tenths per cent. . . ." (Emphasis ours throughout this opinion unless otherwise indicated.)

This Article then sets out variations depending on investments in Texas securities, and continues thus:

". . . The taxes aforesaid shall constitute all taxes collectible under the laws of this State against any such insurance carriers except maintenance taxes specially levied under the laws of this State and assessed by the Board of Insurance Commissioners to support the various activities of the divisions of the Board of Insurance Commissioners, and except if any such carrier is writing personal accident or health and accident insurance other than workmen's compensation, it shall be taxed as otherwise provided by law on account of such business . . .

"This Act shall be cumulative of all other laws and shall repeal Article 4758, Revised Civil Statutes of 1925, as amended, and all other laws only in so far as they levy any tax on any of the organizations affected by this Act or otherwise conflict with this Act, except as provided above."

It is our opinion that it was the intent of the Legislature to subject all workmen's compensation insurance business to the provisions of the above Act.

Article 7064a, entitled "Tax on domestic life, accident and health insurance organizations," Acts 51st Leg., R.S.1949, ch.620, p.1365, provides, in part:

"Every group of individuals, society, association, or corporation, (all of which shall be deemed included in the term 'insurance organization' wherever used in this Act)

organized under the laws of this State and
transacting the business of <u>life insurance,
personal accident insurance,</u> life and acci-
dent insurance, or health and accident in-
surance for profit . . . shall . . . file its
annual statement . . . shall pay an annual
tax of one per cent (1%) of the gross amount
of premiums collected during such year from
persons residing or domiciled in the State of
Texas on policies of insurance . . . <u>provided
further that the amount of all examinations
and valuation fees paid in such taxable year
to or for the use of the State of Texas by
any insurance organization hereby affected
shall be allowed as a credit on the amount
of premium taxes to be paid by any such in-
surance organization for such taxable year</u>
. . . The taxes aforesaid shall constitute
all taxes and license fees collectible under
the laws of this State from any such insur-
ance organization, organized under the laws
of this State, <u>except,</u> and only except unem-
ployment compensation taxes . . .; <u>and in
case of companies writing workmen's compen-
sation insurance, the taxes otherwise pro-
vided by law on account of such business</u>
. . ."

It is our opinion that Article 7064a does not
tax workmen's compensation premiums and specifically in-
dicates that in case of life, health and accident com-
panies also writing workmen's compensation insurance,
their latter business is to be taxed under another stat-
ute, i.e. Article 7064.

In reply to your first question you are advis-
ed that premiums received by domestic insurers on their
workmen's compensation insurance business are to be re-
ported and paid under the provisions of Article 7064,
V.C.S., and not under Article 7064a, V.C.S.  Your second
question, depending upon an affirmative answer to your
first question, therefore need not be answered.  Article
7064 does not provide credit for examination and valua-
tion fees.  See Opinion V-967.

<u>SUMMARY</u>

Premiums received by domestic insurers
on their workmen's compensation insurance

business are to be reported and paid under provisions of Article 7064, V.C.S.

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

Ned McDaniel
State Affairs Division

Charles D. Mathews
Executive Assistant

VFT:amm:mw

By *V. F. Taylor*
V. F. Taylor
Assistant